UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUANGHUEI LIANG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STOCKTON POLICE DEPARTMENT,<br><br>Defendant. | No. 2:21-cv-0661-TLN-CKD PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

All three plaintiffs—each proceeding without counsel in this action—have requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF Nos. 2-4.) Plaintiffs' applications in support of their IFP requests make the required financial showing. Accordingly, the court grants each plaintiff's request to proceed IFP.

The determination that a plaintiff may proceed IFP does not complete the required inquiry, however. Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

that fails to state a claim.").

## The Complaint & Plaintiff's Earlier Ongoing Lawsuit

Plaintiffs are a family of three who live in Stockton, California. This case is the last of seven separate lawsuits plaintiffs filed in this court between October 2020 and April 2021, all related in various ways to longstanding alleged harassment by their neighbor, Mickey Anderson.[2] Plaintiffs filed this case on April 13, 2021 against the Stockton Police Department ("SPD"), the San Joaquin County District Attorney's Office, the "Stockton Courthouse," five members of the SPD, the County Deputy District Attorney, and six judges of the California Superior Court for San Joaquin County. (ECF No. 1 at 1, 8-10.) Plaintiffs recount a long history of abuse by Mr. Anderson, ranging from verbal harassment to destruction of property and personal assault. (Id. at 13-24.) Plaintiffs claim that, despite responding to various isolated incidents, the SPD never helped them solve their issues with Mr. Anderson, thereby purportedly violating the Fourteenth Amendment of the U.S. Constitution. (Id. at 14-16.) Plaintiffs and Mr. Anderson obtained several TROs against each other over the years, and the County brought criminal charges against Mr. Anderson. Plaintiffs assert that the San Joaquin County District Attorney's Office and Superior Court—and the judges involved—violated their Fourteenth Amendment rights by mishandling the various associated civil and criminal proceedings. (Id. at 18-22.)

In one of their first cases in this court, "Liang I," plaintiffs also brought a complaint against the SPD and several of its officers for allegedly violating their constitutional rights in handling the same TROs and incidents between plaintiffs and Mr. Anderson. Liang et al. v. Stockton Police Dept., et al., No. 2:20-cv-02520-TLN-DB (PS) (filed 12/21/20). On April 5, 2021, that complaint was dismissed with leave to amend. (No. 2:20-cv-02520, ECF No. 3.) The magistrate judge assigned to "Liang I" found that plaintiffs failed to identify what cause of action

---

[2] Liang et al. v. Anderson et al., No. 2:20-cv-01990-JAM-DB (PS) (filed 10/05/20); Liang et al. v. Stockton Police Dept., et al., No. 2:20-cv-02520-TLN-DB (PS) (filed 12/21/20); Liang et al. v. Anderson et al., No. 2:21-cv-00557-JAM-AC (PS) (filed 03/25/21); Liang et al. v. Anderson, No. 2:21-cv-00594-JAM-KJN (PS) (filed 03/30/21); Liang et al v. Kallis, No. 2:21-cv-00595-JAM-CKD (PS) (filed 03/30/21); Liang et al v. Anderson, No. 2:21-cv-00596-TLN-JDP (PS) (filed 03/30/21). In all seven cases, plaintiffs represent themselves and sought leave to proceed without paying the filing fee.

2

they were asserting, or to allege facts supporting a cognizable cause of action. (Id. at 4-7.)

On April 13, 2021, plaintiffs filed the instant complaint, "Liang II," including a more coherent narrative of events and assertion of Fourteenth Amendment claims under 28 U.S.C. § 1983. (ECF No. 1.) About two weeks later, on April 28, 2021, plaintiffs then filed their First Amended Complaint ("FAC") in Liang I. (No. 2:20-cv-02520, ECF No. 4.) The Liang I FAC repeats, word-for-word, every sentence of the instant complaint—but weaves in additional allegations (often in parentheses) between those sentences, and in a few places makes minor wording changes.[3] Compare ECF No. 1 at 8 ("With omission of [SPD] and forgery of official restraining order, which led the Judges to make a wrong judgment."), with No. 2:20-cv-02520, ECF No. 4 at 14 ("With omission of [SPD] and forgery of official restraining order (That was a made-up restraining court order), which led the Judges to make a wrong judgment."). The Liang I FAC names all 15 of the same defendants in this complaint (Liang II) but also adds many others not named in Liang II. Both complaints request the same relief: some $2 billion in damages for lost income, medical expenses, and security equipment. (ECF No. 1 at 24; No. 2:20-cv-02520, ECF No. 4 at 32-33.)

**Analysis**

The instant complaint (in Liang II) must be dismissed because it is duplicative of the ongoing Liang I case. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (cleaned up), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008). District courts have the power to control their dockets, including the power to dismiss claims that are duplicative of claims presented in other cases. M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012).

---

[3] The Liang I FAC omits only two sentences that appear in the conclusion of plaintiffs' Statement of Claims in the instant complaint. (See ECF No. 1 at 23 (beginning with "I respectfully move the Court . . ." and ending with ". . . treated by this justice system").) These two sentences summarize incidents and allegations described in detail elsewhere in both the instant complaint and the Liang I FAC, however.

3

To determine whether a suit is duplicative, courts apply the same test that governs claim preclusion, that is, "we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 688-89. To decide whether the causes of action in two suits are the same, courts apply the "transaction test," which requires consideration of four criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Id. at 689 (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). "The last of these criteria is the most important." Costantini, 681 F.2d at 1202.

All elements of this test are met here. No detailed analysis of each criterion is needed because, as discussed above, the Liang I FAC contains, word-for-word, every allegation asserted in the instant complaint (with very few minor exceptions). Based on a side-by-side comparison of the two documents, it appears that plaintiffs merely added on to the instant Liang II complaint to produce the Liang I FAC. This makes it obvious that the Liang I and Liang II suits are the same. Accordingly, to conserve judicial resources, this later-filed suit (Liang II) should be dismissed. See Adams, 487 F.3d at 692-93 (upholding dismissal of duplicative later suit "where one district court had duplicative suits contemporaneously pending on its docket"); see also Cato v. United States, 70 F.3d 1103, 1105 n.5 (9th Cir. 1995) (no abuse of discretion where district court dismisses an IFP complaint that "merely repeats pending or previously litigated claims"). All of plaintiffs' present claims can be fully and fairly litigated in the earlier-filed suit.

**ORDER**

Accordingly, it is HEREBY ORDERED that plaintiffs' requests to proceed in forma pauperis (ECF Nos. 2-4) are GRANTED.

////

////

////

////

4

# **RECOMMENDATIONS**

In addition, it is RECOMMENDED that

1. The action be DISMISSED without prejudice and without leave to amend, as duplicative of plaintiffs' earlier-filed action in No. 2:20-cv-02520; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 25, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.liang.0661

5